IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lajuanta Simonet Hair, | ) | C/A No. 0:15-3287-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Lajuanta Simonet Hair, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

**SOCIAL SECURITY DISABILITY GENERALLY**

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also

PJG

Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1)    whether the claimant is engaged in substantial gainful activity;

(2)    whether the claimant has a "severe" impairment;

(3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)    whether the claimant can perform her past relevant work; and

(5)    whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



## ADMINISTRATIVE PROCEEDINGS

In October 2012, Hair applied for DIB, alleging disability beginning December 3, 2010. Hair's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on November 15, 2013, at which Hair, who was represented by John B. Duggan, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on February 11, 2014 finding that Hair was not disabled. (Tr. 270-81.)

Hair was born in 1968 and was forty-two years old on her disability onset date. (Tr. 413.) She has a high school education and past relevant work experience as an assistant manager and manager at a restaurant, an assistant manager at a retail store, a housekeeper, a substitute teacher, and a receptionist. (Tr. 437, 456.) Hair alleged disability due to a back injury, neck pain, and depression. (Tr. 436.)

In applying the five-step sequential process, the ALJ found that Hair had not engaged in substantial gainful activity since December 3, 2010—her alleged onset date. The ALJ also determined that Hair's degenerative disc disease was a severe impairment. However, the ALJ found that Hair did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Hair retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 404.1567(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk no more than two hours in an eight-hour workday. However, the claimant must be allowed to sit/stand every thirty minutes. The claimant cannot operate foot controls. The claimant can occasionally perform postural movements, but cannot climb ladders, ropes, or scaffolds. The claimant can occasionally balance with a handheld assistive device, frequently reach, handle, and finger with the non-dominant upper extremity. The claimant must avoid exposure to excessive vibration, heights, or hazards.



(Tr. 275.) The ALJ found that Hair was cable of performing past relevant work as a receptionist, as this work did not require the performance of work-related activities precluded by Hair's residual functional capacity. Therefore, the ALJ found that Hair was not disabled from December 3, 2010—her alleged onset date—through the date of his decision.

Hair submitted additional evidence to the Appeals Council, which denied her request for review on June 24, 2015, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



## ISSUES

Hair raises the following issues for this judicial review:

1.    Did the Appeals Council commit reversible error by failing to properly consider and review on its merits the additional medical evidence submitted to it?  []

2.    Did the ALJ and the Appeals Council commit reversible error by failing to accord "great weight" to the disability statements of the treating physicians and by assigning too much weight to the opinions of the non-examining, non-treating state agency doctors and psychologists?  []

3.    Did the defendant commit reversible error by failing to pose proper hypothetical questions to a vocational expert?  []

4.    Is there substantial evidence in support of the decision of the defendant?  []

(Pl.'s Br., ECF No. 13.)

## DISCUSSION

As explained by Hair in her brief, Hair's arguments relating to the Appeals Council's decision stem from the fact that after the ALJ's decision, Hair submitted new evidence to the Appeals Council consisting of medical records dated September 30, 2011 to October 21, 2011 from Self Regional Healthcare; medical records dated March 10, 2014 to January 15, 2015 from Uptown Family Practice; medical records dated June 12, 2014 from Piedmont Spine and Neurological Group; medical records dated December 14, 2014 to February 23, 2015 from Self Regional Healthcare; and an opinion from Dr. John Satterthwaite dated February 27, 2015.  (See Tr. 8-264, 1424-26.) The Appeals Council acknowledged and considered the medical records dated September 30, 2011 to October 21, 2011; however, it found that the additional evidence did not provide a basis for changing the ALJ's decision.  Further, the Appeals Council stated that it looked at the remaining evidence submitted, but that "[t]he Administrative Law Judge decided your case through February 11, 2014.



This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before February 11, 2014."  (Tr. 2.)

Hair argues that remand is warranted for the Commissioner to properly consider and weigh the new evidence because it all "relates to the severity of [Hair's] impairments on which the ALJ made specific findings on or before the date of the decision but is evidence that was not considered by the ALJ." (Pl.'s Br. at 24, ECF No. 13 at 24.)  Additionally, Hair argues that the opinion evidence from Dr. Satterthwaite, which consists of a functional capacity assessment, expressly noted that the limitations opined had persisted since at least December 3, 2010, which was Hair's alleged onset date.  Some of the evidence also includes continuing treatment by physicians who had treated Hair before the ALJ's decision.

The law provides that evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)).  Evidence is new "if it is not duplicative or cumulative."  Id. at 96.  "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome."  Id.  When a claimant seeks to present new evidence to the Appeals Council, he is not required to show good cause for failing to present the evidence earlier.  Id. at 96 n.3; cf. 20 C.F.R. § 404.970(b).

Furthermore, the United States Court of Appeals for the Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision." Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011).  In determining whether the Commissioner's



final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc)). If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits). The Meyer Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence. See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

As indicated above, according to Hair, the new evidence warrants remand for further consideration under controlling law. In light of the circumstances and contents of this record, the court is constrained to agree that remand is warranted. Specifically, the court finds that the Appeals Council erred in concluding that the new opinion evidence from Dr. Satterthwaite did not relate to the period on or before the date of the ALJ's decision. Although the opinion was dated after the ALJ's decision, it clearly indicates that it relates to the period on or before the date of the ALJ's decision in that it references the existence of limitations since Hair's alleged onset date. Wilkins, 953 F.2d at 95-96; see Reichard v. Barnhart, 285 F. Supp. 2d 728, 733 (S.D.W. Va. 2003) (stating that the requirement that new evidence must relate to the period on or before the date of the ALJ's decision "does not mean that the evidence had to have existed during that period. Rather, evidence

Page 7 of 10



must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time."); cf. Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 345 (4th Cir. 2012) (holding that the Commissioner "must give retrospective consideration to medical evidence created after a claimant's last insured date when such evidence may be 'reflective of a possible earlier and progressive degeneration' "). Further, the court finds that this evidence is not cumulative or duplicative, and in fact, seems to address limitations that appear to have not been presented to or considered by the ALJ.[2]

       This evidence, if properly considered, could impact the ALJ's decision. Therefore, the court finds that this new opinion evidence is material. Further, the court is constrained to find that although the ALJ's decision is well supported based on the evidence that was presented before him, without any analysis or even consideration of this additional evidence by the Appeals Council, the court cannot determine whether the ALJ's decision is supported by substantial evidence.[3] See Wilkins, 953 F.2d at 96 ("Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome."); see also Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits).

---

   [2] Specifically, Dr. Satterthwaite's opinion indicates that Hair's pain "is present to such an extent as to be distracting to adequate performance of . . . work" and "can be expected to be severe and to significantly limit [her] effectiveness due to distraction, inattentiveness, drowsiness, etc." in her ability to perform substantial, gainful work on a regular and sustained basis. (Tr. 10, 11.)

   [3] The court expresses no opinion as to the weight this evidence should be given or whether consideration of this evidence by the Commissioner or ALJ will necessarily lead to any additional limitations or ultimately a finding that Hair is entitled to benefits. Analysis and discussion of this evidence may well not change the conclusion.



Although Hair presents several other issues, the court finds that remand is warranted only on the above issue. Upon review of the parties' arguments and the ALJ's well-supported opinion and for the reasons contained in the Commissioner's brief, the court finds that Hair has failed to demonstrate that the ALJ's decision is unsupported by substantial evidence or controlled by an error of law.

### RECOMMENDATION

For the foregoing reasons, the court finds that remand is warranted pursuant to <u>Wilkins</u> and <u>Meyer</u> and therefore recommends that this matter be remanded to the Commissioner so that the ALJ can consider the additional evidence.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 11, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

  The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

  Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

  **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).